# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Roger Dwayne Smith,
Petitioner Below, Petitioner

**FILED**

**June 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs)  No. 16-0763 (Berkeley County 08-C-1284)

David Ballard, Warden,
Mount Olive Correctional Complex,
Respondent Below, Respondent

## MEMORANDUM DECISION

Petitioner Roger Dwayne Smith, by counsel Ben J. Crawley-Woods, appeals the Circuit Court of Berkeley County's "Final Order Partially Granting the Amended Petition for Habeas Corpus as to Counts Five and Seven of the Indictment, and Denying the Remainder of the Amended and Supplemental Petition" entered on July 11, 2016. Respondent David Ballard, Warden, Mount Olive Correctional Complex, by counsel Benjamin M. Hiller, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Factual and Procedural Background

In 2006, petitioner was indicted on the following charges: daytime burglary; possession of a stolen vehicle; felony murder; malicious wounding; attempted murder; first degree robbery; and fleeing an officer on foot. Petitioner was accused of breaking into the home of Mary Stewart. While petitioner was in the home, Ms. Stewart's fourteen year old daughter, Miana, returned from school. Petitioner accosted Miana and tied her up in the basement. Ms. Stewart arrived at the home shortly thereafter, and petitioner beat her with a baseball bat and tied her up in the basement next to Miana. Petitioner then strangled Miana, killing her. When petitioner left the basement to continue the robbery, Ms. Stewart managed to escape to a neighbor's house. Petitioner fled the house, but was apprehended outside.

Two pretrial motions are relevant for the purposes of this appeal. First, petitioner sought a change of venue from Berkeley County. Contradicting petitioner's argument for a change of venue, petitioner's expert witness concluded that a jury could be properly selected if a large enough panel of potential jurors (100 to 200) were brought in for jury selection. Accordingly, the circuit court denied the motion for a change of venue with the caveat that if a jury could not be seated after bringing in a large number of potential jurors, then it would consider other options.

1

In the second motion, petitioner requested that the guilt and mercy phases of the trial be bifurcated. The State did not object, and the circuit court granted the motion.

However, prior to trial, and without any agreement from the State, petitioner pled guilty to the charges in the indictment. Petitioner's trial counsel informed the circuit court that petitioner's decision to plead guilty without an agreement was not based on their advice, but was petitioner's idea. Petitioner's counsel advised the court as follows:

> I would represent to the court, Judge, that this is not my recommendation directly or [co-counsel's] to [petitioner]. This is a decision that he insisted on doing. It is not completely against the advice of counsel in the sense that I think that he does in accepting responsibility and showing remorse preserve an argument to a jury for mercy on the bifurcated part of the proceedings next week.

The circuit court then advised petitioner of the rights that he would forfeit by pleading guilty. The circuit court further explained to petitioner that he preserved his ability to present his case for mercy to a jury with respect to the first degree murder charge. Petitioner then entered guilty pleas to each charge in the indictment except for daytime burglary, which was subsumed into the felony murder conviction.

The mercy phase proceeded to a two day jury trial in December of 2006. After hearing the evidence, the jury did not recommend that petitioner receive mercy. Following a sentencing hearing three months later, the circuit court sentenced petitioner to life in prison without the possibility of parole for first degree murder; a determinate sentence of eighty years in prison for first degree robbery; and statutory indeterminate prison sentences for each of the other felony convictions. The circuit court ordered that all sentences be served consecutively. Finally, the court ordered that petitioner make restitution in the amount of $7,505.00.[1]

Petitioner filed an appeal with this Court in which he raised the following assignments of error: (1) that his due process rights were violated by allowing a jury to decide whether to grant mercy without any standards; (2) that his due process rights are violated without this Court's mandatory review his life without mercy sentence; (3) that his life without mercy sentence should be reversed; (4) that the trial court committed reversible error by denying his change of venue motion; (5) that the trial court committed reversible error by granting the State's motion to strike Juror Byrezinski for cause; (6) that petitioner received prejudicial treatment from the prosecutor, police, jail officials, and the circuit court; and (7) that his eighty year prison sentence for robbery was excessive. In February of 2008, this Court refused petitioner's appeal by order.

---

[1] The circuit court initially ordered that petitioner make restitution "from any prison labor performed during his lifetime." In July of 2009, the circuit court modified the restitution language to require that petitioner make restitution from any income received, not just income from prison labor. Petitioner challenged the modification of his restitution order by filing a motion to correct sentence in the circuit court, which the circuit court denied. This Court later affirmed that ruling by memorandum decision. *See State v. Roger D. Smith,* Docket No. 11-0758 (April 16, 2012).

Following the filing of a pro se petition for a writ of habeas corpus, petitioner was appointed counsel who filed an amended petition in October of 2013. In the amended petition, petitioner raised the following grounds for habeas relief: (1) empaneling a jury for the mercy phase was unlawful, and thus, rendered petitioner's guilty pleas involuntary; (2) petitioner's arrest was illegal; (3) the indictment was defective; (4) jury voir dire was improper; (5) change of venue should have been granted; (6) the State's strike of Juror Byrezinski was improper; (7) the jury forms were incomplete; (8) the statutory procedure for the granting of mercy set forth in West Virginia Code § 62-3-15 is unconstitutionally vague;[2] (9) cumulative error warranted reversal; (10) ineffective assistance of counsel; (11) the restitution order was unlawful; and (12) the amount of restitution was unlawful. Following the withdrawal of counsel and appointment of new counsel, petitioner filed a supplemental petition in May of 2014, in which he raised the additional ground that there was an insufficient factual basis to support petitioner's guilty pleas to robbery and possession of a stolen vehicle.

By order entered on July 11, 2016, the circuit court denied the habeas petition without a hearing.[3] In a lengthy order, the court addressed and denied each of petitioner's alleged grounds

---

[2] West Virginia Code § 62-3-15 states as follows:

If a person indicted for murder be found by the jury guilty thereof, they shall in their verdict find whether he or she is guilty of murder of the first degree or second degree. If the person indicted for murder is found by the jury guilty thereof, and if the jury find in their verdict that he or she is guilty of murder of the first degree, or if a person indicted for murder pleads guilty of murder of the first degree, he or she shall be punished by imprisonment in the penitentiary for life, and he or she, notwithstanding the provisions of article twelve [§§ 62-12-1 et seq.], chapter sixty-two of this code, shall not be eligible for parole: Provided, That the jury may, in their discretion, recommend mercy, and if such recommendation is added to their verdict, such person shall be eligible for parole in accordance with the provisions of said article twelve, except that, not withstanding any other provision of this code to the contrary, such person shall not be eligible for parole until he or she has served fifteen years: Provided, however, That if the accused pleads guilty of murder of the first degree, the court may, in its discretion, provide that such person shall be eligible for parole in accordance with the provisions of said article twelve, and, if the court so provides, such person shall be eligible for parole in accordance with the provisions of said article twelve in the same manner and with like effect as if such person had been found guilty by the verdict of a jury and the jury had recommended mercy, except that, not withstanding any provision of said article twelve or any other provision of this code to the contrary, such person shall not be eligible for parole until he or she has served fifteen years.

[3] As the title of the circuit court's July 11, 2016, order indicates, the circuit court granted the habeas petition with respect to Count V (attempted murder) and Count VII (fleeing on foot). Specifically, respondent conceded that the indictment omitted necessary elements of the crimes

for habeas relief. With respect to petitioner's allegation that he received ineffective assistance of counsel, the circuit court found that petitioner's guilty pleas limited petitioner's challenge solely to the competency of counsel's advice regarding the pleas. The circuit court found that petitioner failed to prove that he was incompetently advised because counsel did not advise petitioner to plead guilty; rather, petitioner decided to do so on his own. Petitioner now appeals to this Court.

## Discussion

On appeal, petitioner raises three assignments of error. First, he argues that the circuit court committed reversible error in denying petitioner's claims regarding ineffective assistance of counsel. Second, he argues that the circuit court committed reversible error in failing to address his claim regarding his absence from the sentencing proceeding, wherein the trial court substantively modified his sentence. Petitioner's final assignment of error is that the circuit court erred by finding that certain claims had been previously waived or adjudicated, or were otherwise insufficient to establish relief.

This Court has established the following standard for reviewing the denial of habeas relief:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006). With this standard in mind, we now turn to petitioner's arguments.

Petitioner first argues that his trial counsel was ineffective. This Court has held as follows:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

---

charged in these two counts. With respect to the attempted murder conviction, the circuit court directed the parties to submit a corrected sentencing order that reflected a conviction for the lesser-included offense of attempted voluntary manslaughter and an amended sentence of one to three years in prison. The circuit court rescinded the conviction and sentence for fleeing on foot. The circuit court concluded that these indictment defects in no way affected the knowing and voluntary nature of petitioner's guilty pleas and did not warrant habeas relief with regard to petitioner's conviction and life-without-mercy sentence for first-degree murder.

4

In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

Syl. Pts. 5 and 6, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). This Court has also held that

[b]efore a guilty plea will be set aside based on the fact that the defendant was incompetently advised, it must be shown that (1) counsel did act incompetently; (2) the incompetency must relate to a matter which would have substantially affected the fact-finding process if the case had proceeded to trial; (3) the guilty plea must have been motivated by this error.

Syl. Pt. 3, *State v. Sims*, 162 W. Va. 212, 248 S.E.2d 834 (1978).

With respect to whether petitioner is entitled to an omnibus hearing, West Virginia Code § 53-4A-7(a) states as follows:

If the petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the return or other pleadings, or the record in the proceedings which resulted in the conviction and sentence, or the record or records in a proceeding or proceedings on a prior petition or petitions filed under the provisions of this article, or the record or records in any other proceeding or proceedings instituted by the petitioner to secure relief from his conviction or sentence, show to the satisfaction of the court that the petitioner is entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall enter an order denying the relief sought. If it appears to the court from said petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the return or other pleadings, or any such record or records referred to above, that there is probable cause to believe that the petitioner may be entitled to some relief and that the contention or contentions and grounds (in fact or law) advanced have not been previously and finally adjudicated or waived, the court shall promptly hold a hearing and/or take evidence on the contention or contentions and grounds (in fact or law) advanced, and the court shall pass upon all issues of fact without a jury. The court may also provide for one or more hearings to be held and/or evidence to be taken in any other county or counties in the state.

In support of his argument, petitioner contends that West Virginia Code § 62-3-15 requires that the judge, not the jury, decide whether to grant mercy when a defendant enters a guilty plea. Petitioner claims that his counsel did not understand the statute and that had he

5

known the correct state of the law, he would not have pled guilty. Petitioner goes on to argue that his guilty plea was not completely against advice of counsel, as the circuit court found.

Petitioner also argues that his counsel was ineffective by failing to suppress evidence; failing to argue that the felony murder indictment was defective; failing to object during voir dire because potential jurors were permitted to leave the courtroom to use the restroom; failing to renew the change of venue motion after voir dire; failing to move that all potential jurors be required to thoroughly complete the juror questionnaire; and failing to object to the amount of restitution ordered.

Upon our review of the record in this matter, we cannot conclude that petitioner's trial counsel was ineffective, or that petitioner was entitled to a hearing on such claim. Our analysis begins and ends with petitioner's decision to plead guilty to the charges in the indictment without a plea agreement. Petitioner presented no evidence that incompetent advice caused him to plead guilty. The opposite is true. Petitioner decided to plead guilty on his own, without input from his lawyers. Whether petitioner's guilty plea was entirely, or just partially, *against* the advice of counsel is immaterial; it is clear that the plea was not *motivated* by counsel, as required by *Sims* to set aside the plea.

Moreover, petitioner's argument with respect to his counsel's failure to understand West Virginia Code § 62-3-15 is unpersuasive for the simple reason that petitioner's guilty plea came on the heels of his request for a bifurcated trial, which the circuit court granted. In other words, petitioner desired that a jury determine whether to recommend that he receive mercy, and that is precisely what the circuit court permitted, notwithstanding West Virginia Code § 62-3-15. Therefore, under the facts presented in this case, the failure of trial counsel to understand the statute, even if true, does not constitute ineffective assistance because petitioner received what he asked for – a jury recommendation on the mercy phase.

Petitioner's second assignment of error is that the circuit court erred by failing to address the modification of the restitution award. As noted above, in July of 2009, the trial court modified the restitution language to require that petitioner make restitution from any income received, not just income from prison labor. Petitioner challenged the modification of his restitution order by filing a motion to correct sentence in the circuit court, which the circuit court denied. This Court later affirmed that ruling by memorandum decision. *See State v. Roger D. Smith,* Docket No. 11-0758 (April 16, 2012). Petitioner did not challenge the imposition of restitution in his direct appeal.

In denying the habeas petition, the circuit court addressed the issue of the modification of the restitution, concluded that the issue had been fully and fairly litigated, and denied relief on that basis. However, upon our review, we find that petitioner is entitled to no habeas relief because there was simply nothing unlawful about the collection of restitution from any source of funds received by petitioner. This Court recently held that

> [f]or the purpose of ensuring that an inmate satisfies his or her court-ordered financial obligations, W.Va. Code § 25–1–3c(c)(1) (2005) permits the Division of Corrections to make deductions from funds provided to the inmate by family or

friends. The exclusion of "funds provided inmates by family or friends" from the definition of "earnings" in Policy Directive 111.06(III) (2006), a legislative rule promulgated by the Division of Corrections, is arbitrary and capricious and therefore may be ignored.

Syl., *Painter v. Ballard*, 237 W. Va. 502, 788 S.E.2d 30 (2016). Accordingly, we find no error in the modification of petitioner's restitution award. Additionally, petitioner waived any challenge to the initial imposition of restitution by failing to raise the issue in his direct appeal. Petitioner's second assignment of error is, therefore, without merit.

In his third and final assignment of error, petitioner argues that the circuit court erred by finding that the remaining issues in his habeas petition were previously adjudicated or waived. The circuit court did make such a finding, but also addressed the merits of each claim and determined that petitioner was not entitled to relief based on the factual record. Specifically, the circuit court found that, after Ms. Stewart escaped petitioner's invasion, the police were called and stopped petitioner fleeing a murder scene; consequently, petitioner fails to show how his arrest was illegal.

As for Juror Byrezinski, the record shows that she indicated a bias as a result of being a victim of a gunpoint robbery; by indicating that, as a parent of a young child, she would have difficulty fairly hearing the evidence; but that, because of her social work background, she believed in second chances. She took an adamant stand that she could counteract her predisposition as a mother to be biased against petitioner with her professional training as a social worker. The circuit court questioned how Juror Bryezinski could impartially apply the law and properly exercised its discretion to strike her. Importantly, petitioner fails to explain how either of these rulings affected his decision to plead guilty. Upon our review, we reject petitioner's final assignment of error.

For the foregoing reasons, we affirm the Circuit Court of Berkeley County's "Final Order Partially Granting the Amended Petition for Habeas Corpus as to Counts Five and Seven of the Indictment, and Denying the Remainder of the Amended and Supplemental Petition" entered on July 11, 2016.

Affirmed.

**ISSUED:** June 9, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

7